IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALI NEJAD
GDC #0001206892; Macon State
Prison,

   Petitioner,

     v.

GREGORY MCLAUGHLIN, Warden,

   Respondent.

CIVIL ACTION FILE
NO. 1:12-CV-1502-TWT

**ORDER**

In December 2005, a Fulton County jury convicted Ali Nejad of rape, aggravated sodomy, aggravated assault with a deadly weapon (two counts), and aggravated battery (two counts). He was sentenced to 35 years in prison. In a motion for new trial, Nejad asserted three claims: (1) the trial court erroneously charged the jury that a pellet gun was per se a deadly weapon; (2) a juror failed to disclose that she was a rape victim; and (3) trial counsel was ineffective. After the conviction was upheld by the Georgia Supreme Court, the Petitioner filed this federal habeas corpus action. The Magistrate Judge issued a Report and Recommendation [Doc. 15] recommending denying relief on the same three grounds asserted in the motion for new trial. On January 13, 2015, I issued an Order declining to adopt the Report and

Recommendation in its entirety and granting the writ on habeas corpus on the claim of ineffective assistance of counsel. The State appealed and the Court of Appeals has remanded the case with directions for me to rule on the other two claims for relief.

As to the jury charge that a pellet gun was a dangerous weapon per se, I adopt the Report and Recommendation as the judgment of the Court. The two victims both testified that they were threatened with guns. The erroneous jury charge was harmless error. With regard to the claim that a juror failed to reveal that she had been a rape victim, I adopt the Report and Recommendation as the judgment of the Court. The Petitioner has not shown that the juror could not be impartial and that she should have been struck for cause. The Petitioner has not shown that his trial was fundamentally unfair. The Petition for a Writ of Habeas Corpus [Doc. 1] is DENIED on both of these grounds. For the reasons set forth in my Opinion and Order of January 13, 2015, the Writ of Habeas Corpus [Doc. 1] is GRANTED on the claim of ineffective assistance of counsel. The State is ordered to give the Petitioner a new trial within 90 days or release him.

SO ORDERED, this 20 day of October, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge